No. 21-30251

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA

Plaintiff/Appellee

v.

MARKANTHONY SAPALASAN

Defendant/Appellant

On Appeal from the United States District Court
for the District of Alaska
No. 3:18-cr-00130-TMB
Hon. Timothy M. Burgess

## GOVERNMENT'S RESPONSE IN OPPOSITION TO SECOND PETITION FOR REHEARING AND REHEARING EN BANC

S. LANE TUCKER
United States Attorney
District of Alaska

JAMES KLUGMAN
Assistant United States Attorney
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Telephone: (907) 271-5071
Fax: (907) 271-1500

*Attorneys for Appellee*
United States of America

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION .................................................................................................. 1

STATEMENT OF ISSUES PRESENTED ............................................................. 1

STATEMENT OF THE CASE ............................................................................... 2

SUMMARY OF ARGUMENT ............................................................................... 5

ARGUMENT ........................................................................................................... 6

    1. Sapalasan raised his argument based on *Illinois v. Lafayette*, and the panel correctly rejected it ...................................................... 6

    2. Sapalasan waived any argument that the inventory policy did not comply with state law ........................................................... 8

CONCLUSION ..................................................................................................... 12

CERTIFICATE OF COMPLIANCE (Form 11)

# TABLE OF AUTHORITIES

**Cases**

*Albertson's, Inc. v. Comm'r of Internal Revenue*, 42 F.3d 537
   (9th Cir. 1994) ................................................................................... 6

*CTIA—The Wireless Ass'n v. City of Berkeley*, 873 F.3d 774,
   776 (9th Cir. 2017) ............................................................................ 7

*Gray v. State*, 798 P.2d 346 (Alaska App. 1990) ........................................ 9

*Greenwood v. F.A.A.*, 28 F.3d 971 (9th Cir. 1994) ................................. 14

*Illinois v. Lafayette*, 462 U.S. 640 (1983) ............................................. 6, 7

*Makaeff v. Trump University*, 736 F.3d 1180 (9th Cir.2013) ............... 7, 8

*United States v. Anderson*, --- F.4th ---, 2024 WL 1920298
   (9th Cir. 2024) ..................................................................... 5, 11, 12

*United States v. Guerrero*, 921 F.3d 895 (9th Cir. 2019) ..................... 9-11

*United States v. Peterson*, 902 F.3d 1016 (9th Cir. 2018) ....................... 10

*United States v. Place*, 462 U.S. 696, 103 S.Ct. 2637,
   77 L.Ed.2d 110 (1983) ..................................................................... 10

*United States v. Sapalasan*, 97 F.4th 657 (9th Cir. 2024) ........................ 4

*United States v. Sapalasan*, --- F.4th ---, 2024 WL 4220688
   (9th Cir. 2024) ................................................................................... 5

*United States v. Sapalasan*, 2024 WL 4224621 (9th Cir. 2024) ..... Passim

*United States v. Sineneng-Smith*, 590 U.S. 371, 140 S. Ct.
   1575, 206 L.Ed.2d 866 (2020) .................................................... 9, 11

*Vukmirovic v. Holder*, 640 F.3d 977 (9th Cir. 2022) ................................ 6

*Zehrung v. State*, 569 P.2d 189 (Alaska 1977) ......................................... 9

**U.S. Constitution**

U.S. Const. Amend. IV ............................................................................. 10

**Rules**

Fed. R. Crim. P. 12 ................................................................................ 9-11

Fed. R. Crim. P. 12(b)(3)(C) ........................................................................ 8

Fed. R. Crim. P. 12(c)(3) ............................................................................. 8

Fed R. App. P. 35(a) ................................................................................... 6

# INTRODUCTION

Markanthony Sapalasan was charged with drug and weapons offenses based on evidence found in his backpack. After his motion to suppress the evidence was denied by the district court, he was convicted on all counts at trial. He appealed the denial of his suppression motion, and a panel of this Court affirmed his conviction, concluding that the backpack was subject to a valid inventory search. After Sapalasan sought rehearing, the panel replaced its published opinion with a nonprecedential memorandum. Sapalasan again seeks rehearing and rehearing en banc, raising two arguments. The first was considered and correctly rejected by the panel. And the second argument is waived for failure to raise it below. Accordingly, the petitions should be denied.

## STATEMENT OF ISSUES PRESENTED

**1.** The panel rejected Sapalasan's argument that an inventory search can only be conducted if the owner of the searched property is being arrested. Was that decision contrary to Supreme Court precedent?

**2.** At the invitation of the panel, Sapalasan attempted to pursue an argument that the relevant inventory search policy violated state law. Did he waive that argument by failing to raise it before the district court and on appeal without a showing of good cause?

## STATEMENT OF THE CASE

**1. The Offense Conduct**

While responding to the scene of a homicide, police officers in Anchorage, Alaska, encountered appellant Markanthony Sapalasan, who was walking down the street carrying a backpack. When the officers saw that Sapalasan was carrying a concealed pistol, Officer Tae Yoon detained him and took him to be interviewed by detectives. The detectives released Sapalasan following their interview. In the meantime, Officer Yoon retained custody of the backpack until the end of his shift, at which point he began logging it into the Anchorage Police Department's property and evidence section for storage. In accordance with the Department's policy, Officer Yoon began to take an inventory of the backpack's contents. In doing so, he noticed a bag with a large amount of methamphetamine. He then stopped the inventory search and obtained a criminal search warrant.

**2. Course of Proceedings**

Sapalasan was indicted for possession of methamphetamine with intent to distribute and carrying a firearm during a drug trafficking crime. Before trial, he filed a timely motion to suppress the evidence obtained from his backpack, arguing that it was illegal for the police to

2

search it. ER-28-40 Sapalasan's arguments to the district court were presented in three separate filings; at no point did Sapalasan suggest that the search violated state law, or that the inventory search policy violated the Alaska constitution:

- **The motion to suppress (ER-28-40):** Sapalasan argued that he had not consented to the search, that the search exceeded the scope of any such consent, that there was no valid search incident to arrest, that there were no exigent circumstances, and that an inventory search was not justified because the police were not allowed to retain possession of the backpack once he was released by detectives.

- **The supplement to the motion to suppress (ER-41-46):** Sapalasan argued that he had been illegally arrested, and that any search was the fruit of that illegal arrest. He also expanded on his claim that the police were not allowed to retain his backpack once he was released by the detectives.

- **The objections to the magistrate judge's report and recommendations (ER-70-75):** Sapalasan argued that the inventory search was invalid because Officer Yoon had failed to

3

follow the inventory search policy by retaining the backpack for the rest of his shift rather than searching it immediately, and that Officer Yoon had an investigatory motive.

The district court denied Sapalasan's motion, and a jury convicted him at trial.

On appeal to this Court, he presented a much narrower argument. He acknowledged that his original detention was lawful, and he did not suggest that Officer Yoon had an investigatory motive. Instead, he contended that an inventory search is only permissible if the owner of the property being searched is being arrested and incarcerated. ECF No. 11 at 11-12.

Shortly before oral argument, the panel (over a dissent) issued an order directing the parties to address three Alaska cases about the limits that the Alaska constitution poses on the scope of an inventory search. ECF No. 33. These cases had never been discussed by any of the parties in the prior litigation before the district court or on appeal.

A panel of this Court rejected Sapalasan's argument and affirmed his conviction. *United States v. Sapalasan*, 97 F.4th 657 (9th Cir. 2024). Sapalasan filed a petition for panel and en banc rehearing. ECF No. 39.

4

This Court withdrew its published opinion and issued a memorandum disposition once again affirming Sapalasan's conviction. *United States v. Sapalasan*, --- F.4th ---, available at 2024 WL 4220688 (9th Cir. 2024) and *United States v. Sapalasan*, 2024 WL 4224621 (9th Cir. 2024) (unreported). Sapalasan now seeks rehearing and rehearing en banc of that opinion. He never explained his failure to raise an argument based on Alaska law or the Alaska constitution.

## SUMMARY OF ARGUMENT

None of Sapalasan's proffered claims justify rehearing this appeal. His argument that inventory searches can only be performed in connection with an arrest was squarely presented to the panel, which carefully analyzed and correctly rejected it. His reliance on this Court's subsequent decision in *United States v. Anderson*, 101 F.4th 586 (9th Cir. 2024) is misplaced because *Anderson* involved inventory searches conducted as a pretext for an investigatory search, and Sapalasan did not allege such a pretext here. And because Sapalasan did not argue that the inventory policy violated state law until the Court raised the issue for him and has not shown good cause for failing to do so, he has waived the argument.

5

## ARGUMENT

Panel rehearing is an "unusual step." *Vukmirovic v. Holder*, 640 F.3d 977, 978 (9th Cir. 2022). Changing a decision on rehearing "is not generally desirable" and doing so "runs contrary to the sense of stability and finality that the law seeks to foster." *Albertson's, Inc. v. Comm'r of Internal Revenue*, 42 F.3d 537, 540 (9th Cir. 1994).

Rehearing en banc "is not favored and ordinarily will not be ordered." Fed R. App. P. 35(a). It is warranted only when necessary to "maintain uniformity" in this Court's decisions or to resolve a "question of exceptional importance." *Id.*

This case does not merit either form of reconsideration. The panel correctly rejected the argument that Sapalasan presented to it. And his failure to preserve additional arguments does not entitle him to relief from that waiver through the grant of extraordinary relief.

### 1. Sapalasan raised his argument based on *Illinois v. Lafayette*, and the panel correctly rejected it

In his original appeal, Sapalasan argued that property can only be subjected to an inventory search if the owner has been lawfully arrested, and if the search is incident to the owner's incarceration. ECF No. 11 at 11. He relied on *Illinois v. Lafayette*, 462 U.S. 640 (1983), for that

proposition. But, as the government has repeatedly noted, the Supreme Court's caselaw does not impose such a requirement: while imminent incarceration was present in *Lafayette* and accordingly was part of the Court's discussion, nothing in that opinion or the Supreme Court's subsequent caselaw holds or suggests that an inventory search is *limited* to such circumstances.

Moreover, the decision not to interpolate an "imminent incarceration" requirement is far from unprecedented: on the contrary, the First Circuit has expressly rejected Sapalasan's narrow reading of *Lafayette*, and it does not appear that any circuit has endorsed it. *Id.* at 660-61. Adopting Sapalasan's position would therefore create a circuit split, which weighs against rehearing. See *CTIA—The Wireless Ass'n v. City of Berkeley*, 873 F.3d 774, 776 (9th Cir. 2017) (Fletcher and Christen, JJ., concurring in denial of reh'g en banc) (Noting that "circuit splits are generally to be avoided."); *Makaeff v. Trump University*, 736 F.3d 1180, 1181 (9th Cir. 2013) (Wardlaw and Callahan, JJ., concurring in denial of reh'g en banc ("Because the panel opinion faithfully follows our circuit's precedent, creates no inter-circuit split, does not present an issue of exceptional importance, and because the contrary result would create a

7

circuit split, a call to rehear this appeal en banc failed to gain the support of a majority of our active judges.").

## 2. Sapalasan waived any argument that the inventory policy did not comply with state law

An argument that illegally seized evidence should be suppressed must be raised prior to a deadline set by the district court. Fed. R. Crim. P. 12(b)(3)(C). Failure to do so is a waiver of the argument, unless the proponent can show good cause for failing to raise it in a timely fashion. Fed. R. Crim. P. 12(c)(3). This standard—waiver unless good cause is shown—"continues to apply when, as in this case, the defendant attempts to raise new theories on appeal in support of a motion to suppress." *United States v. Guerrero*, 921 F.3d 895, 898 (9th Cir. 2019).

Sapalasan's petition does not discuss this principle or proffer a cause for why Sapalasan failed to argue this issue below.

To be sure, Sapalasan argued that this case did not present a valid inventory search, both in the district court and on appeal. But his arguments depended on the claim that Officer Yoon violated the inventory policy, or that the search failed to comply with a purported *federal law* requirement that the property owner be arrested. He never raised the claim that the policy violated Alaska state law. He only

8

addressed it after the court raised it for him in an order immediately before oral argument.[1]

The panel dissent identified two cases that the Anchorage Police Department inventory policy purportedly violated: *Zehrung v. State*, 569 P.2d 189 (Alaska 1977), and *Gray v. State*, 798 P.2d 346 (Alaska App. 1990).[2] And there is no dispute that Sapalasan never cited either of these cases until they were identified for him by the panel.

True, Rule 12 did not require Sapalasan to cite this specific authority in support of his argument. But it did require him to make the argument that the inventory search policy violated Alaska law before the trial court's motion deadline or show good cause for failing to do so. Sapalasan has done neither.

Sapalasan has previously suggested that that he satisfied Rule 12 simply by disputing that the inventory search exception applied to the

---

[1] The propriety of raising the issue via this order is open to question. See ECF No. 33 at 2 (Collins, J., dissenting) ("in my view, pre-argument orders raising authorities not cited by the parties should only be issued when those overlooked authorities are recent, obviously controlling, or involve a jurisdictional issue.") This further weighs against granting rehearing to allow Sapalasan an opportunity to argue it.

[2] The panel dissent identifies *Gray* as decided by the Alaska Supreme Court.

9

facts of the case. See, e.g., ECF No. 39-1 at 12. This position ignores the fact that the argument Sapalasan seeks to rely on now—that the inventory search policy that Officer Yoon followed violates certain controlling state-law principles—is completely distinct from the argument he presented to the district court and in his appellate briefing, i.e., that the policy violated federal law because Sapalasan was not being arrested.

*Guerrero* illustrates this point. There, the defendant was in a car that was stopped for failing to use its turn signal. 921 F.3d at 896. He moved to suppress by arguing that the driver really had signaled. *Ids*. On appeal, he tried to argue instead that the stop was illegal because the driver was not required to use a turn signal at all in that situation. *Id*. This Court held that the argument was waived absent a showing of good cause. *Id*. at 898. As it explained, his Rule 12-compliant argument that the stop was illegal did not grant Guerrero the opportunity to argue on appeal that it was illegal for a completely different reason. *Id*. at 896-897 ("On appeal, Guerrero presents a new theory in support of its motion…. The crucial fact for our purposes is that Guerrero never requested suppression on this ground in the district court.").

By the same token, Sapalasan's argument that Officer Yoon failed to follow the inventory policy or that it could only be implemented if the property owner was under arrest did not preserve the argument that the policy was illegal under state law: under *Guerrero*, Rule 12 governs when "the defendant attempts to raise *new theories* on appeal in support of a motion to suppress." *Guerrero*, 921 F.3d at 898 (emphasis added). The only meaningful distinction between this case and *Guerrero* is that here it was the Court and not Sapalasan who first identified the new theory that he now seeks to advance. If Sapalasan wants to pursue that argument on appeal, he is required to show good cause for not raising it earlier, and he has not. Indeed, he has not even attempted to do so.

Were this Court empowered to relieve Sapalasan from this waiver, this case would still be a poor candidate for doing so. The relevant Alaska precedent is distinguishable: even the panel dissent acknowledged that "these Alaska cases do not cover the specific situation in this case". *Sapalasan*, 2024 WL 4224621 at *3, n.2 (Hawkins, J., dissenting). Given the uncertainty of the proper resolution of this novel question of state law, the exceptional relief Sapalasan seeks is unwarranted.

//

11

Sapalasan's reliance on *United States v. Anderson*, 101 F.4th 586 (9th Cir. 2024) is also misplaced. Contrary to Sapalasan's characterization, the Court did not "invert[] the burden of proof" and require him to prove that Officer Yoon was acting in bad faith. ECF No. 49-1 at 13. Rather, the panel accepted Sapalasan's concession on appeal that Officer Yoon was acting in good faith. See *Sapalasan*, 2024 WL 4224621 at *1, n.1. The *Anderson* principle, by its terms, applies only "[w]here a defendant challenges law enforcement's motivations for conducting an inventory search". 101 F.4th at 594. Because Sapalasan did not present such a challenge in his appeal, Anderson simply does not apply, and there is nothing to address on rehearing. See *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

## CONCLUSION

The petition for panel rehearing and rehearing en banc should be denied.

//

//

//

RESPECTFULLY SUBMITTED on October 21, 2024 at Anchorage, Alaska.

        S. LANE TUCKER
United States Attorney

<u>s/ James Klugman</u>
JAMES KLUGMAN
Assistant United States Attorney
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Telephone: (907) 271-5071
Fax: (907) 271-1500

*Attorneys for Appellee*
United States of America

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**Form 11. Certificate of Compliance for Petitions for Rehearing/Responses**

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form11instructions.pdf*

**9th Cir. Case Number(s)** | 21-30251

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 35-4 or 40-1, the attached petition for panel rehearing/petition for rehearing en banc/response to petition is (*select one*):

⦿ Prepared in a format, typeface, and type style that complies with Fed. R. App. P. 32(a)(4)-(6) and **contains the following number of words**: 2,396.

*(Petitions and responses must not exceed 4,200 words)*

**OR**

○ In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature** | s/ James Klugman    **Date** | Oct 21, 2024

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 11                                                                                                     Rev. 12/01/2021